Richards, J.
The controversy in this case arises over the claims of the respective parties to the proceeds of a certain silo, and is to be resolved by a determination as to whether the title to the same had passed from the plaintiff to one Frank Lowry. The defendants Milton A. Hess and Mary A. King are attaching creditors of said Lowry, and the defendant George Hasenpflug is the receiver of said Lowry.
On May 12, 1916, Frank Lowry gave an order on a printed blank of the plaintiff company, which directed said company to ship to him as purchaser a certain described Independent silo, complete with anchors and roof frame, Lor which he agreed to pay $201, less agent’s commission of ten per cent., *139 and on the following terms: Three per cent, discount allowed for cash within fifteen days after arrival of silo, or settlement to be made by bankable note due September 1, 1917, bearing interest at six per cent, from September 1, 1916. The contract of purchase also provided that certain provisions on the back thereof were made part of the contract, and among the provisions on the back is the following: “The Independent Silo Company agrees to deliver the goods to a common carrier, with reasonable promptness after receipt of this order in the regular course of business, but will not be responsible for loss or delay occasioned by strikes, fires, accidents or causes of any character beyond its control.”
Pursuant to this order the plaintiff shipped the several parts constituting the silo as described in the contract, from its factory in Minnesota, consigned to Frank Lowry at Berlin Heights, Ohio, delivering the same to a common carrier 'by which they were transported to Berlin Heights; and the goods were received by Lowry and remained ’ in his possession until seized in attachment by the attaching creditors already named. The claims of the attaching creditors exceed very largely the value of the attached property, the judgment in favor of Mary A. King being in excess of $2,300, and the judgment in favor of Milton A. Hess being in excess of $1,000.
The transaction between Lowry and the plaintiff constitutes an ordinary bargain and sale and comes within the- plain language of Section 8399, General Code, which prescribes the rules for *140 ascertaining the intention of parties as to the time at which the property in goods shall pass to the buyer when a different, intention does not appear in the contract of the parties. Subdivisions 1 and 2 of Rule 4 of that section read as follows:
“Rule 4. (1) When there is a contract to sell unascertained or future goods by description, ■ and goods of that description and in a deliverable state are unconditionally appropriated to the contract, either by the seller with the assent of the buyer, or by the buyer with the assent of the seller, the property in goods thereupon passes to the buyer. Such assent may be expressed or implied, and may be given either before or after the appropriation is made.
“(2) When in pursuance of a. contract to sell, the seller delivers the goods to the buyer, or to a carrier or other bailee, whether named by the buyer or not, for the purpose of transmission to or holding for the buyer, he is presumed to have unconditionally appropriated the goods to the contract, except in the cases provided for in the next rule and in the next following section. This presumption is applicable, although by the terms of the contract, the buyer is to pay the price before receiving delivery of the goods, and the goods are marked with the words collect on delivery or their equivalents.”
It will be noticed that the last subdivision- provides certain exceptions which are stated in the next rule and in the section of the General Code next following, but those exceptions are not applicable to the case at bar for the reason that sub *141 division 1 of Section 8400, General Code, only provides for cases where the seller expressly reserves the right , of possession of property sold until the conditions have been fulfilled, and no such reservation existed in the case at bar. Subdivision 2 of the section last cited is applicable only to cases where the bill of lading is made to the order of the seller or his agent, which is not this case. And subdivision 3 is applicable to cases where the seller retains possession of the bill of lading, which is not this case. Neither are the provisions of subdivision 4 of the General Code section just cited applicable to the case under consideration.
It is insisted, however, by counsel for The Independent Silo Company that the provisions of Section 8422, General Code, are controlling in this case. That section provides substantially that unless otherwise agreed, delivery of the goods and payment of the price are concurrent conditions. The difficulty with applying that statute to the case under consideration is that the parties did otherwise agree, as evidenced by the written order. Under the terms of that order a delivery of the various parts constituting the silo to the common carrier in Minnesota, the goods being consigned to the purchaser, constituted a delivery to him, and the title thereupon passed to the purchaser. It was in effect a sale on credit, and the purchaser had from the time the goods were delivered to the common carrier until they actually arrived in Berlin Heights, and had been inspected by him and found to be in accordance with the order, in which to execute and deliver to the plaintiff a bankable *142 note; or, if lie chose to pay cash, he was entitled to a discount of three per cent, and fifteen days in which to make that payment. We must, therefore, hold the sale to be in effect a sale on credit. The silo- company trusted. the purchaser to furnish either a bankable note or to make payment within fifteen days, and made an unconditional and absolute delivery of the goods when the same were delivered to the common carrier in Minnesota. There was then neither a condition precedent nor a concurrent condition which would prevent the immediate passing of the title to the purchaser on delivery of the goods to the common carrier.
. Our attention is called to the case of Bonham v. Hamilton, 66 Ohio St., 82, and an argument is made, based on the authority of that case, that the title had not passed from the silo company. That case was decided before the adoption of the Uniform Sales Law; but we find nothing in the conclusion which we have reached that is inconsistent with the law as announced in the case just cited. That case was a sale by an administrator and there had been no delivery of the goods sold, and there was an express stipulation that the transaction was not to be a sale until the sureties had been approved by the administrator. This, of course, was, under the law, no sale until the conditions expressly stipulated for had been complied with, and, the administrator declining to approve the sureties, the title remained in the administrator.
On the trial of the instant case in the court of common pleas a jury was waived, and the judge, after due consideration, rendered judgment Ur the *143 defendants. For the reasons here given, the judgment so rendered will be affirmed.

Judgment affirmed.

Chittenden and Kinicade, JJ., concur.